LEE, R.E., Jr., Associate Judge.
Appellant, Dave Russell, d/b/a Dave’s Pool Service, appeals the order denying his motion to quash the service of process upon him. He raises two issues:
(1) Whether service of process upon himself was proper and effective where the complaint was not served upon him and where the process server failed to comply with section 48.21, Florida Statutes and Florida Rule of Civil Procedure 1.070 regarding service of process, and
(2) Whether the court abused its discretion by not imposing a fine upon the process server for his failure (twice) to follow the statutory requirements.
Because the trial court erred in holding service had been properly effected upon Russell, we reverse.
Thomas and Maureen Zulla, appellees, filed suit against Russell, alleging a failure on Russell’s part to properly perform his pool maintenance contract on their pool. Suit was filed on July 5, 1988. On July 25, 1988, the process server attempted to serve Russell. Server failed to note on the return of service whether service was individual or substituted and the name of the person upon whom service was attempted, as required by section 48.21, Florida Statutes (1987).[1]
On August 12, 1988, Russell moved to quash service of process on the grounds that the server had not been properly appointed. (The motion to quash was subsequently held by the trial court to be moot due to the service of an alias summons). On August 17th, the Zullas filed a motion to appoint a special process server, which motion was granted and the same server was appointed as an official special process server.
On September 10, 1988, the same process server again attempted to serve Russell. This time, he did not attach a copy of the complaint to the alias summons, as required by Florida Rule of Civil Procedure 1.070(f),[2] nor did he note upon the return the date the process came to his hand, the location where the service was allegedly made, whether the service was individual or substituted, or the name of the person upon whom service was attempted, in viola *1243 tion of section 48.21, Florida Statutes (1987).
On December 13,1988, Zullas filed a motion for default for Russell’s failure to file responsive pleadings. On January 31, 1989, Russell filed a motion to quash the September 10, 1988 service of process and to impose sanctions on the process server. He also filed his affidavit to the effect that neither the complaint nor a copy of the order appointing the server as a special process server was attached to the alias summons. The process server’s affidavit was apparently entered at the hearing on the motions. The affidavit contained the information missing from the return and had the complaint attached to it. The trial court denied this second motion to quash and also denied the Zullas’ motion for default, finding in paragraph 3 of the order:
That the affidavit as to service executed by the process server states the required information and is sufficient on its face except as to the issues raised by the defendant’s affidavit stating that no copy of the Complaint was attached to the Summons; the attached copy of Complaint renders moot the issue raised by Defendant’s affidavit.
The trial court then gave Russell 20 days from the date of the order to file an answer, this being the amount of time Russell would have had to answer had service of process been done correctly.
The trial court’s disposition of the matter was expedient. It gave Russell time to answer and no real prejudice occurred to Russell. This notwithstanding, we do not believe that the trial court’s resolution of the matter by deeming the complaint attached to the process server’s affidavit sufficient to effect service under the statute, was proper.
The procedures providing for proper service are clear and explicit. Russell appeared to contest the service of process and did not waive his right to be properly served. It is fundamental that a copy of the initial pleading be delivered at the time of personal service of process. Even though section 48.21, Florida Statutes, permits amendment of the return of service for failure to include on the return the required information, there is no procedure by which failure to serve the initial complaint at the time of personal service can be corrected. While the trial court could properly deem the return of service amended by the affidavit of the process server which set out the required information, the trial court erred in holding that the complaint attached to the affidavit cured the failure to originally serve a copy of the complaint on Russell. Cf. Coin Copies, Inc. v. Financial Federal Savings and Loan Ass’n of Dade County, 472 So.2d 869 (Fla. 3d DCA 1985), (failure to mail a copy of the initial pleading along with the notice of action results in ineffective service by publication).
As to Russell’s argument that the court abused its discretion in not imposing a fine upon the process server for his failure (twice) to follow the statutory requirements, we find that the court was perfectly justified in using its discretion in not imposing a fine. We do not know its reasons for having refused to do so, and a fine may well have been warranted under the circumstances, but it was discretionary on the trial court’s part to impose a fine. See Fla.R.Civ.P. 1.070.
REVERSED and REMANDED.
COBB and SHARP, JJ., concur.

. Section 48.21 states:
Return of execution of process. All officers to whom process is directed shall note upon it the time when it comes to hand, the time when it is executed, the manner of execution, the name of the person upon whom it was executed and if such person is served in a representative capacity, the position occupied by him. A failure to state the foregoing facts invalidates the service, but the return is amendable to state the truth at any time on application to the court from which the process is issued. On amendment, service is as effective as if the return had originally stated the omitted facts. A failure to state all the facts in the return shall subject the officer so failing to a fine not exceeding $10, in the court’s discretion.

. Florida Rule of Civil Procedure 1.070(f) states:
At the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made. The date and hour of service shall be endorsed on the original process and all copies of it by the person making the service. The parties seeking to effect personal service shall furnish the person making service with the necessary copies. When the service is made by publication, copies of the initial pleadings shall be furnished to the clerk and mailed by him with the notice of action to all parties whose addresses are stated in the initial pleading or sworn statement. [Emphasis added].